UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

ERIC McENTARFER,

Plaintiff,

v.

JILL C. SWEESY, GABRIELLE BOLIOU, JUSTIN SEAMONS, and MONICA BANSAL,

Defendants.

Case No. 1:26-cv-00306-BLW

**INITIAL REVIEW ORDER BY SCREENING JUDGE**

Plaintiff Eric McEntarfer filed a pro se prisoner Complaint that is subject to screening because of his status as a prisoner and a pauper. Dkt. 3. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b). Having reviewed Plaintiff's filings, the Court issues the following Order requiring Plaintiff to file an brief showing he should be permitted to proceed.

## REVIEW OF CLAIMS

### 1. Background

Plaintiff asserts that Twin Falls County prosecutors violated his civil rights by prosecuting him in a criminal case for violating a civil protection order and seeking a

$250,000 bail bond. He asserts that he is being falsely imprisoned in the Twin Falls County Jail, because the protection order is really a "civil custody case." Dkt. 3 at 2.

Plaintiff's civil rights action references two criminal cases and two civil cases. *Id*. In the first criminal case, Plaintiff is charged with violating the civil protection order relating to the mother of his children. In the other, he is charged with stalking the same person who is the subject of the civil protection order. He asserts that he is suffering from not being able to see his minor children, who are in custody of the mother. *See* State Registers of Actions, attached to Order.

Plaintiff is being held in the Twin Falls County Jail pursuant to a bond and is represented by counsel in his ongoing criminal cases. He has filed motions to reduce his bond and a motion to increase his bail (to be able to claim time served) in the criminal actions. *See* Attachments.

**2. Prosecutorial Immunity**

Federal appellate courts have repeatedly ruled that a prosecutor is entitled to absolute quasi-judicial immunity from liability for damages under 42 U.S.C. § 1983 when the alleged wrongful acts were committed by the prosecutor in the performance of an integral part of the criminal judicial process. *See*, *e.g.*, *Robichaud v. Ronan*, 351 F.2d 533, 536 (9th Cir. 1965); *Imbler v. Pachtman*, 424 U.S. 409 (1976). Tasks that are an integral part of the criminal justice process include initiating and pursuing a criminal prosecution, *id.*, 424 U.S. at 410, preparing and filing charging documents, *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997), participating in probable cause hearings, *Burns v.*

*Reed*, 500 U.S. 478 (1991), and bail applications, *Pinaud v. County of Suffolk,* 52 F.3d 1139, 1149 (2d Cir.1 995) (noting that "actions in connection with a bail application are best understood as components of the initiation and presentation of a prosecution, and therefore are protected by absolute immunity.").

Even though it seems difficult to understand, absolute prosecutorial immunity extends to "the knowing use of false testimony at trial, the suppression of exculpatory evidence, and malicious prosecution." *Milstein v. Cooley,* 257 F.3d 1004, 1008 (9th Cir. 2001); *see Broam v. Bogan*, 320 F.3d 1023 (9th Cir. 2003). Absolute immunity applies, "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." Absolute immunity for judicial officers "is justified and defined by the functions it protects and serves, not by the person to whom it attaches." *Forrester v. White*, 484 U.S. 219, 227 (1988); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (internal citations omitted).

The immunity test is based upon function, and, here, Plaintiff clearly complains of traditional prosecutorial functions. A prosecutor has only qualified immunity for "performing investigatory or administrative functions" or "essentially functioning as a police officer or detective." *Broam*, 320 F.3d at 1028 (relying on *Buckley v. Fitzsimmons*, 509 at 273). But Plaintiff complains of no acts fitting the investigatory function. Therefore, prosecutorial immunity bars Plaintiff's claims. His remedy is to pursue his claims in his state court criminal action or subsequent collateral relief actions.

**3. Abstention**

Federal district courts usually abstain from adjudicating civil rights actions that could impact ongoing state criminal cases. *Younger v. Harris*, 401 U.S. 37 (1971). A federal court should abstain from hearing a civil rights case under the *Younger* doctrine when three factors are present: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates an important state interest (such as state criminal actions); and (3) there is an adequate opportunity in the state proceeding to raise the constitutional challenge. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

Where abstention is appropriate, a federal court may still entertain an action when "extraordinary circumstances" are present, including: (1) where irreparable injury is both "great and immediate," *Younger*, 401 U.S. at 46; (2) where the state law is "flagrantly and patently violative of express constitutional prohibitions," *id*. at 53-54; or (3) where there is a showing of "bad faith, harassment, or any other unusual circumstances that would call for equitable relief," *id*. at 54.

*Younger* abstention is appropriate in this case. The Idaho state criminal case is actively pending. Pursuing alleged violations of protection orders and setting and enforcing bail conditions are fundamental state judicial functions. The prisoner has the legal right to challenge the bond directly within the Idaho state court system, including via interlocutory appeal or a state habeas corpus petition under I.C. § 19-4205.

In addition, the United States Supreme Court has made it clear that when a state prisoner seeks "a determination that he is entitled to immediate release or a speedier release

from ... imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Accordingly, release from incarceration is not an available remedy in a § 1983 action. Even if Plaintiff reformulated the bond challenge as a federal habeas corpus petition under 28 U.S.C. § 2241, the federal court would still dismiss it unless Plaintiff has fully exhausted available state court remedies first.

**ORDER**

**IT IS ORDERED** that the Complaint is DISMISSED without prejudice. If Plaintiff believes he can show that Defendants are not entitled to prosecutorial immunity or that abstention should not be applied, he may file a brief in response to this Order within **21 days**. If he does nothing further, the Court will enter a judgment and close the case without further notice to Plaintiff.

DATED: September 4, 2026

B. Lynn Winmill
U.S. District Court Judge